IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR00817-2 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| SEAN BERG, | ) | |
| | ) | **REPORT AND RECOMMEN-** |
| Defendant. | ) | **DATION RE DEFENDANT'S** |
| | ) | **CHANGE OF PLEA** |

Pursuant to General Order 99-49, the District Judge referred this case to me to receive with the consent of the parties defendant Sean Berg's offer of a plea of guilty, to conduct the plea colloquy prescribed by Fed. R. Crim. P. 11, to cause a verbatim record of the proceedings to be prepared, to refer the matter, if appropriate, for presentence investigation, and to submit a report and recommendation stating whether Berg's plea of guilty should be accepted and a finding of guilty entered.[1]  Accordingly, on May 17, 2022, Berg, accompanied by his lawyer, Michael J. Kemnitz, Esq., proffered a plea of guilty to count one of the superseding indictment against him filed on February 17, 2022.[2]  Assistant United States Attorney Payum Doroodian was present on behalf of the government.  Prior

---

[1] ECF #35.
[2] ECF #27.

1

to the change of plea hearing, Berg and counsel consented to conducting this hearing before me.[3]  I conducted this hearing via Zoom videoconferencing.  Berg and counsel also consented to proceeding in this manner.

Upon consideration of the change of plea hearing and the information proffered to me during it, I make the following findings:

1.  Given the current pandemic and the required restrictions it has imposed on the Judiciary and the parties who appear before me, I find that the proceedings in this case cannot be further delayed without causing serious harm to the interests of justice.  For this reason, I conducted the change of plea hearing with Berg and counsel present and participating by videoconferencing.

2.  Before Berg offered his plea of guilty, I examined him as to his competency, advised him of the charges and consequences of conviction, informed him that the Court will be required to give consideration to the Federal Sentencing Guidelines and of the possibility of a departure from the Guidelines, notified him of his rights associated with a trial in this case, advised him that he waives those trial rights by pleading guilty except the right to counsel, and otherwise provided Berg with the information prescribed in Fed. R. Crim. P. 11.

3.  Counsel reported that the parties had entered into and signed a written plea agreement.  AUSA Doroodian summarized its terms, and Attorney Kemnitz agreed to that summary.  I further reviewed the plea agreement's terms with Berg, who acknowledged

---

[3] ECF #36.

that he understood its terms and that he had agreed to them.  Counsel advised me that, aside from this written plea agreement and written addenda to it, if any, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties in conjunction with this case or Berg's decision to change his plea.

4.     I questioned Berg under oath about the knowing, intelligent, and voluntary nature of the plea of guilty.  He demonstrated and confirmed for me that he was offering his plea of guilty knowingly, intelligently, and voluntarily; and that he is competent to do so.

5.     Counsel provided me with sufficient information about the offense charged in count one of the superseding indictment and Berg's criminal conduct to establish a factual basis sufficient for Berg's guilty plea.  Berg acknowledged this factual basis, and no objections were raised to the information provided.

In light of the foregoing and the record created in conjunction with the change of plea hearing, I find that Berg's plea of guilty to count one of the superseding indictment pursuant to the terms of a written plea agreement and written addenda to that agreement, if any, was knowing, intelligent, and voluntary.  I further find that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.  Accordingly, I recommend that Berg's plea of guilty to count one of the superseding indictment be accepted and a finding of guilty be entered by the Court.

Dated: May 19, 2022                                    s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.